IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAUNA KRONE, an individual,

      Plaintiff,                         State Court
                                         Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,        Federal Court
a foreign corporation,                 Case No.: _____

      Defendant.

_____/

**DEFENDANT DICK'S SPORTING GOODS, INC.'S**
**NOTICE OF REMOVAL TO FEDERAL COURT**

TO THE CLERK OF THE ABOVE-STYLED COURT:

      Defendant, Dick's Sporting Goods, Inc. ("DSG"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action styled *Shauna Krone, an individual, v. Dick's Sporting Goods, Inc., a foreign corporation* designated Case No. 2020-CA-3686 from the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, in which the action is now pending, to the United States District Court for the Middle District of Florida, Tampa Division. In support of this removal and pursuant to 28 U.S.C. § 1446, DSG states as follows:

1. On September 24, 2020, Plaintiff, Shauna Krone, filed a Complaint against DSG alleging claims for negligence.

2. Service of process was made upon DSG on September 29, 2020. See Exhibit A attached.

3. This Notice of Removal is filed within thirty (30) days after service of process on DSG.

4. DSG is a Delaware corporation with its principal place of business in Pennsylvania. See Exhibit B attached.

5. Plaintiff has alleged in her Complaint that she is a resident of Florida. Pl.'s Compl. ¶ 3

6. Because Plaintiff is a resident of Florida and DSG is a resident of Delaware and Pennsylvania, complete diversity of citizenship exists between the parties.

7. DSG contends that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. See Exhibit B attached.

8. A notice to the Clerk of the Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida as well as a notice to the Plaintiff are being filed concurrently with this Notice in accordance with 28 U.S.C. § 1441(d). A copy of the aforementioned notices are attached as Exhibits C and D.

9. Based on the foregoing and pursuant to 28 U.S.C. § 1441(a), DSG has the right to remove this action from the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, in which the action is now pending, to the United States District Court for the Middle District of Florida, Tampa Division, as it embraces the place where the action is now pending.

10. A complete copy of the state court record, including copies of all papers on file in the state court, is attached as Exhibit E.

Dated this 19th day of October 2020.

/s/ Scott B. Albee
Scott B. Albee, Esq.
Fla. Bar No. 980870
Kathryn E. Collier, Esq.
Fla. Bar No. 1002391
Trial Counsel for Defendant
Dick's Sporting Goods, Inc.
Fulmer, LeRoy & Albee, PLLC
5544 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 217-2500
Fax:    (727) 217-2501
eservicetpa@fulmerleroy.com
kcollier@fulmerleroy.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on October 19, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Gregory S. Hagopian, Esq., Gallagher & Hagopian, PL, 4420 5th Street West, Bradenton, Florida 34207.

                                  */s/ Scott B. Albee*
                                  Scott B. Albee, Esq.
                                  Fla. Bar No. 980870
                                  Kathryn E. Collier, Esq.
                                  Fla. Bar No. 1002391
                                  Trial Counsel for Defendant
                                  Dick's Sporting Goods, Inc.
                                  Fulmer, LeRoy & Albee, PLLC
                                  5544 Central Avenue
                                  St. Petersburg, FL 33707
                                  Phone: (727) 217-2500
                                  Fax:    (727) 217-2501
                                  eservicetpa@fulmerleroy.com
                                  kcollier@fulmerleroy.com

# EXHIBIT A

Filing # 113925436 E-Filed 09/24/2020 03:16:27 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

    Plaintiff,

vs.                              CASE NO.: 2020CA3686

DICK'S SPORTING GOODS, INC., a foreign corporation,

    Defendant

_____/

SEP 2 9 2020

**SUMMONS**

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint, interrogatories, request for admissions, request to produce and designation of email address in the above styled cause on the defendant,

Dick's Sporting Goods, Inc.
c/o Registered Agent: Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

    Each Defendant is hereby required to serve written defenses to said complaint on plaintiff or plaintiff's attorney, whose name and address is:

Gregory S. Hagopian, Esquire
GALLAGHER & HAGOPIAN, P.L.
4420 5th Street West
Bradenton, Florida 34207

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the said written defenses with the clerk of the said court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

    WITNESS my hand and the seal of said Court on _____09-25_____ 2020.

Angelina "Angel" Colonneso as Clerk of the Court

_____ Deputy Clerk

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 747-1628 or www.legalaidofmanasota.org. If you do not qualify for free legal assistance or do not know an attorney, you may call an attorney referral service (listed in the phone book) or contact the Florida Bar Lawyer Referral Service at (800) 342-8011.

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want to the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you chose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named previously.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el case y podria ser despojado de sus ingresos y propicdades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desca, puede usted consultar a un abogado immediatamente. Si no conoce a un adoqado, puede llamar a una de leas oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por corrco o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney". (Demandate o Abogado del Demanadante.)

### IMPORTANT

Des poursuites judiciaires ont ete entreprices contre vous. Vous avez (20) jours consceutifs a partir de la date de l'assignation de cette citation pour deposer une response cerite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ceritic, avec mention du numero de dossier ci-dessus et du nom des parties ici, si vous souhatiez que le Tribunal entende votre cause. Si vous me deposez pas votre response ceritie dans le relau requis, vous risquez de pardre la cause ainsi que cotre slalire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediate d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juriduque (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copic au carbone ou une photocopie de votre response ceritic au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**"If you are a person with a disability who needs any accommodations in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Manatee County Jury Office, P.O. Box 25400, Bradenton, Florida, 34206, (941) 741-4062, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711"**

**"Si usted es una persona con una incapida que necesita cualquier accomodacion en orden de participar en el procedimiento, usted esta intitulado, a no costo suyo, la provision de cierta ayuda. Favor de contactar al Manatee County Jury Office, P.O. Box 25400, Bradenton, FL 34206 (941) 741-4062, dentro de siete dias laborables antes de su audiencia tribunal or imediantemente al recibir esta notificacion sis u audiencia tribunal es menos de siete dias: si usted tiene una incapacidad de oir o hablar llame al 711.**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAUNA KRONE, an individual,

       Plaintiff,                     State Court
                                        Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,       Federal Court
a foreign corporation,                   Case No.: _____

       Defendant.

_____/

## AFFIDAVIT OF DOUGLAS J. STIPANOVICH

BEFORE ME, the undersigned authority duly authorized to administer oaths and take acknowledgments, personally appeared Douglas J. Stipanovich, Esq., who after first being duly sworn by me deposes and says:

1. I am over the age of eighteen and otherwise competent to make this affidavit.

2. This affidavit is made on personal knowledge.

3. I am employed as the Claims Management Attorney for Dick's Sporting Goods, Inc. ("DSG").

4. DSG is a Delaware corporation whose file number is 2687873.

5. DSG's principal place of business is 345 Court Street, Coraopolis, Pennsylvania 15108.

6. Based on information exchanged between the parties, DSG contends that the amount in controversy exceeds $75,000.

*Remainder of Page Intentionally Blank*

FURTHER AFFIANT SAYETH NAUGHT.

_____
Douglas J. Stipanovich

STATE OF PENNSYLVANIA

COUNTY OF _Allegheny_

      SWORN TO AND SUBSCRIBED before me for the purposes set forth therein by Douglas

J. Stipanovich, who first took an oath and who is either personally known to me or who has

produced _personal knowledge_ as identification on this _15th_ day of October 2020.

_____
Signature of Notary Public, State of Pennsylvania
My commission expires _MAY 22, 2023_

SEAL

Commonwealth of Pennsylvania - Notary Seal
Rebecca Lutz, Notary Public
Allegheny County
My commission expires May 22, 2023
Commission number 1083208
Member, Pennsylvania Association of Notaries

# EXHIBIT C

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

      Plaintiff,                        Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,
a foreign corporation,

      Defendant.

_____/

**DEFENDANT DICK'S SPORTING GOODS, INC.'S**
**<u>NOTICE TO THE CLERK OF NOTICE OF REMOVAL TO FEDERAL COURT</u>**

TO THE CLERK OF THE COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT:

      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and United States District Court for the Middle District of Florida Local Rule 4.02, Defendant, Dick's Sporting Goods, Inc., on the 19th day of October 2020, filed a Notice of Removal in the United States District Court for the Middle District of Florida, Tampa Division, a copy of which is attached hereto and that said matter shall proceed hereafter in the United States District Court for the Middle District of Florida, Tampa Division.

                        FULMER, LEROY & ALBEE, PLLC
                        Attorneys for the Defendant
                        5544 Central Avenue
                        St. Petersburg, FL 33707
                        Phone: (727) 217-2500
                        Fax:   (727) 217-2501

      By:    */s/ Scott B. Albee*_____
             Scott B. Albee, Esq.
             FBN:  980870
             salbee@fulmerleroy.com
             eservicetpa@fulmerleroy.com
             Kathryn E. Collier, Esq.
             FBN: 1002391
             kcollier@fulmerleroy.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document has been furnished to Gregory S. Hagopian, Esq., gh@hurtbyaccident.com, annetteb@hurtbyaccident.com, and chj@hurtbyaccident.com, Gallagher & Hagopian, PL, 4420 5th Street West, Bradenton, Florida 34207 by e-mail on this 19th day of October 2020.

FULMER, LEROY & ALBEE, PLLC
Attorneys for the Defendant
5544 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 217-2500
Fax:    (727) 217-2501

By:    */s/ Scott B. Albee*
        Scott B. Albee, Esq.
        FBN:  980870
        salbee@fulmerleroy.com
        eservicetpa@fulmerleroy.com
        Kathryn E. Collier, Esq.
        FBN: 1002391
        kcollier@fulmerleroy.com

# EXHIBIT D

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

      Plaintiff,                       Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,
a foreign corporation,

      Defendant.

_____/

**DEFENDANT DICK'S SPORTING GOODS, INC.'S NOTICE
TO THE PLAINTIFF OF NOTICE OF REMOVAL TO FEDERAL COURT**

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. 1332, 1441, and 1446, a Notice of

Removal of this action was filed in the United States District Court for the Middle District of

Florida, Tampa Division on the 19th day of October 2020. A copy of the aforementioned Notice

of Removal is attached to this Notice and is served and filed herewith.

                    FULMER, LEROY & ALBEE, PLLC
                    Attorneys for the Defendant
                    5544 Central Avenue
                    St. Petersburg, FL 33707
                    Phone: (727) 217-2500
                    Fax:    (727) 217-2501

      By:     */s/ Scott B. Albee*_____
              Scott B. Albee, Esq.
              FBN:  980870
              salbee@fulmerleroy.com
              eservicetpa@fulmerleroy.com
              Kathryn E. Collier, Esq.
              FBN: 1002391
              kcollier@fulmerleroy.com

## <u>CERTIFICATE OF SERVICE</u>

      I certify that the foregoing document has been furnished to Gregory S. Hagopian, Esq., gh@hurtbyaccident.com, annetteb@hurtbyaccident.com, and chj@hurtbyaccident.com, Gallagher & Hagopian, PL, 4420 5th Street West, Bradenton, Florida 34207 by e-mail on this 19th day of October 2020.

                              FULMER, LEROY & ALBEE, PLLC
                              Attorneys for the Defendant
                              5544 Central Avenue
                              St. Petersburg, FL 33707
                              Phone: (727) 217-2500
                              Fax:    (727) 217-2501

            By:      <u>/s/ Scott B. Albee</u>
                              Scott B. Albee, Esq.
                              FBN:  980870
                              salbee@fulmerleroy.com
                              eservicetpa@fulmerleroy.com
                              Kathryn E. Collier, Esq.
                              FBN: 1002391
                              kcollier@fulmerleroy.com

# EXHIBIT E

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>TWELFTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MANATEE</u>  COUNTY, FLORIDA

Plaintiff

vs.

Defendant

Case # _____
Judge _____

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Gregory S Hagopian       Fla. Bar # 980481
     Attorney or party            (Bar # if attorney)

Gregory S Hagopian         09/24/2020
(type or print name)         Date

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND FOR MANATEE COUNTY, FLORIDA**
**CIVIL DIVISION**

SHAUNA KRONE, an individual,

    Plaintiff,

vs.                                      CASE NO.:

DICK'S SPORTING GOODS, INC., a foreign corporation,

    Defendant

_____/

**NOTICE OF COMPLIANCE WITH RULE 2.516 AND**
**DESIGNATION OF E-MAIL ADDRESSES**

    COME NOW the attorneys for Plaintiff SHAUNA KRONE to hereby file this Notice of Compliance and designate the following e-mail addresses:

| | |
|---|---|
| Primary | gh@hurtbyaccident.com |
| Annette Buhr, Paralegal | annetteb@hurtbyaccident.com |
| Carolyn Hartman-Julien, Legal Assistant | chj@hurtbyaccident.com |

    I HEREBY CERTIFY that a true copy of the foregoing was furnished to the Defendants along with the Summons and Complaint

                           */s/ Gregory S. Hagopian*

                           Gregory S. Hagopian, Esq.
                           FBN: 0980481
                           Gallagher & Hagopian, PL
                           4420 5th Street West
                           Bradenton, FL 34207
                           (941) 727-6944
                           (941) 727-6933 fax
                           gh@hurtbyaccident.com
                           Counsel for the Plaintiff

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

     Plaintiff,

vs.                                 CASE NO.:

DICK'S SPORTING GOODS, INC., a foreign corporation,

     Defendant

_____/

## NOTICE OF SERVING INTERROGATORIES
## TO DEFENDANT DICK'S SPORTING GOODS, INC.

Plaintiff SHAUNA KRONE by and through her undersigned attorneys, pursuant to F.R.C.P. 1.340, hereby gives Notice of Serving Interrogatories to Defendant DICK'S SPORTING GOODS, INC. numbered 1 through 22, to be answered in writing and under oath within forty five (45) days from the date of service.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Defendant with the Summons and Complaint.

_____
Gregory S. Hagopian, Esq.
FBN: 980481
GALLAGHER & HAGOPIAN, P.L.
4420 5th Street West
Bradenton, FL 34207
(941) 727-6944
(941) 727-6933 facsimile
gh@hurtbyaccident.com
Attorney for the Plaintiff

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND FOR MANATEE COUNTY, FLORIDA**
**CIVIL DIVISION**

SHAUNA KRONE, an individual,

    Plaintiff,

vs.                                                                CASE NO.: 2020CA3686

DICK'S SPORTING GOODS, INC., a foreign corporation,

    Defendant

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint, interrogatories, request for admissions, request to produce and designation of email address in the above styled cause on the defendant,

<div align="center">

Dick's Sporting Goods, Inc.
c/o Registered Agent: Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

</div>

    Each Defendant is hereby required to serve written defenses to said complaint on plaintiff or plaintiff's attorney, whose name and address is:

<div align="center">

Gregory S. Hagopian, Esquire
GALLAGHER & HAGOPIAN, P.L.
4420 5th Street West
Bradenton, Florida 34207

</div>

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the said written defenses with the clerk of the said court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

    WITNESS my hand and the seal of said Court on _____09-25_____ 2020.

<div align="center">

Angelina "Angel" Colonneso as Clerk of the Court

</div>



As Deputy Clerk

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 747-1628 or www.legalaidofmanasota.org. If you do not qualify for free legal assistance or do not know an attorney, you may call an attorney referral service (listed in the phone book) or contact the Florida Bar Lawyer Referral Service at (800) 342-8011.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want to the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you chose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named previously.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por cscrito, y presentaria ante cste tribunal. Una llamada telefoncia no lo protegera; si usted desca quc cl tribunal considerc su defensa, debe presentar su respuuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el case y podria ser despojado de sus ingresos y propicadades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desca, puede usted consultar a un abogado immediatamente. Si no conoce a un adoqado, puede llamar a una de leas oficinas de asistencia legal que aparecen en la guia telefonica.

Si desca responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por corrco o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney". (Demandate o Abogado del Demanadante.)

## IMPORTANT

Des poursuites judiciaires ont ete entreprices contre vous. Vous avez (20) jours consceutifs a partir de la date de l'assignation de cette citation pour deposer une response cerite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ceritic, avec mention du numero de dossier ci-dessus et du nom des parties ici, si vous souhaitez que le Tribunal entende votre cause. Si vous me deposez pas votre response ceritie dans le relau requis, vous risquez de pardre la cause ainsi que cotre slalire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulteriuc du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediate d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juriduque (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier unc copic au carbone ou una photocopic de votre response ecritic an "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**"If you are a person with a disability who needs any accommodations in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Manatee County Jury Office, P.O. Box 25400, Bradenton, Florida, 34206, (941) 741-4062, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711"**

**"Si usted es una persona con una incapdida que necesita cualquier accomodacion en orden de participar en el procedimiento, usted esta intitulado, a no costo suyo, la provision de cierta ayuda. Favor de contactar al Manatee County Jury Office, P.O. Box 25400, Bradenton, FL 34206 (941) 741-4062, dentro de siete dias laborables antes de su audiencia tribunal or imediantemente al recibir esta notificacion sis u audiencia tribunal es menos de siete dias: si usted tiene una incapacidad de oir o hablar llame al 711.**

In and for Manatee County

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 747-1628 or www.legaidofmanasota.org. If you do not qualify for free legal assistance or do not know an attorney, you may email an attorney referral service (listed in the phone book) or contact the Florida Bar Lawyer Referral Service at (800) 342-8011

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Manatee County Jury Office, P.O. Box 25400, Bradenton, Florida 34206, (941)741-4062, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

## I IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIVIL DIVISION

SHAUNA KRONE, an individual,

      Plaintiff,

vs.                                            **CASE NO.:**

DICK'S SPORTING GOODS, INC., a foreign corporation,

      Defendant

_____/

### PLAINTIFF'S REQUEST FOR ADMISSIONS
### TO DEFENDANT DICK'S SPORTING GOODS, INC.

In accordance with Rule 1.370, Florida Rules of Civil Procedure, Defendant DICK'S

SPORTING GOODS, INC. is hereby requested to admit the truth of the matters hereinafter set

forth:

**Before responding to these Requests for Admissions, please note that Rule 1.370(a), in part, states "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; the party may deny the matter or set forth reasons why the party cannot admit or deny it, subject to Rule 1.380(c)" and that Rule 1.380(c), in part, states "If a party fails to admit the genuineness of any document or the truth of the matter as requested under Rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorney's fees."**

1. Admit the date and location of the occurrence as alleged in the Complaint is correct.
2. Admit that Plaintiff was not guilty of any negligence which proximately caused the incident set forth in the Complaint.
3. Admit that Defendant has a duty to exercise ordinary care and caution in the maintenance, repair and assembly of bicycles.

4. Admit that Defendant has a duty to keep its staff and management trained to perform services in a reasonable and proper manner to assure a safe condition for its customers.

5. Admit that Defendant has a duty to reasonably and adequately assemble bicycles according to manufacturers' instructions.

6. Admit that Defendant has a duty to reasonably and adequately inspect the bicycles its employees assemble to assure bicycles are properly assembled in accordance with manufacturers' instructions.

7. Admit that Defendant over inflated the back tire of the subject Schwinn bicycle.

8. Admit that Defendant was guilty of negligence which proximately caused the incident set forth in the Complaint.

9. Admit that based on the information you have received thus far, you have no reason to believe that each physician who has treated the Plaintiff lacked competent training or skills in his or her profession.

10. Admit that based on the information you have received thus far, you have no reason to believe that the Plaintiff was over treated by any of her physicians for the injuries sustained by the Plaintiff as a result of the incident alleged in the Complaint.

11. Admit that based on the information you have received thus far, Plaintiff has not suffered any other injury the same or similar to those resulting from the incident set forth in the Complaint prior to the date of the incident.

12. Admit that Plaintiff has suffered permanent bodily injuries as a result of the occurrence complained of in the Complaint.

13. Admit that from the date of the occurrence, Plaintiff, as a result of the occurrence complained of in the Complaint, has incurred medical bills and prescription expenses.

14. Admit that Plaintiff has suffered a loss of capacity to enjoy life as a proximate result of the negligence of Defendant.

15. Admit that on December 23, 2018, Defendant had a surveillance camera which captured the assembly of the subject Schwinn bicycle.

16. Admit that on December 31, 2018, Defendant had a surveillance camera which captured the assembly and repair of the back tire of the subject Schwinn bicycle.

17. Admit that the Defendant failed to preserve the captured images referenced in paragraph fifteen (16) above.

18. Admit that the Defendant failed to preserve the captured images referenced in paragraph fifteen (15) above.

19. Admit that at the time of this occurrence, there were warning signs, notices and or postings, in or about the location where assembly of subject Schwinn bicycle took place.

20. Admit that at the time of this occurrence, Plaintiff and or Plaintiff's husband Timothy Krone would have been unable to see the warning signs, notices and or postings, in or about the location where assembly of subject Schwinn bicycle took place.


    I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Defendant with the Summons and Complaint.

Gregory S. Hagopian, Esq.
FBN: 980481
GALLAGHER & HAGOPIAN, P.L.
4420 5th Street West
Bradenton, FL 34207
(941) 727-6944
(941) 727-6933 facsimile
gh@hurtbyaccident.com
Attorney for the Plaintiff

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND FOR MANATEE COUNTY, FLORIDA**
**CIVIL DIVISION**

SHAUNA KRONE, an individual,

      Plaintiff,

vs.                                    CASE NO.:

DICK'S SPORTING GOODS, INC., a foreign corporation,

      Defendant

_____/

### <u>REQUEST TO PRODUCE TO DEFENDANT</u>

Plaintiff SHAUNA KRONE by and through her undersigned attorney, pursuant to F.R.C.P. 1.350, requests that Defendant DICK'S SPORTING GOODS, INC. produce copies of the following items within forty-five (45) days from the date of service.

      1.     All statements concerning this action or the subject matter of this action previously made by Plaintiff.

      2.     All statements concerning this action or the subject matter of this action previously made by any employees, managers and/or representatives of Defendant DICK'S SPORTING GOODS, INC.

      3.     Certified copies of all policies of insurance available to Defendant that afforded or might afford coverage for Plaintiff's claimed damages in this action.

      4.     Copies of all documents which may provide coverage for the monetary damages claimed in this action.

      5.     All policies and procedure manuals regarding the maintenance, repair and or assembly of bicycles.

6. All training manuals provided to employees tasked with the maintenance, repair and or assembly of bicycles.

7. Copies of written procedure or protocol to be followed by staff of Defendant DICK'S SPORTING GOODS, INC., specifically regarding the maintenance, repair and or assembly of bicycles.

8. Copies of any and all correspondence, memoranda and any other written communications to and from Plaintiff and or Plaintiff's husband Timothy Krone regarding the subject occurrence.

9. Reproductions of any and all photographs, videotapes, surveillance films or the like taken of the Plaintiff by Defendant or anyone on Defendant's behalf.

10. Copies of any and all incident reports regarding the subject incident.

11. Staffing records, time cards, and any other documents indicating the names and job titles of any and all of Defendant's employees and/or agents who worked near or in the subject area where bicycles are assembled and or repaired at the Sarasota store located at 181 N. Cattlemen Road, Sarasota, Sarasota County, Florida 34243 where the subject Schwinn bicycle was assembled by Defendant DICK'S SPORTING GOODS, INC. as alleged in the Complaint at any time during the seven (7) days prior to December 23, 2018, up to seven (7) days subsequent to said December 31, 2018 incident.

12. Copies of personnel files for employees identified in Plaintiff's Interrogatory No. three of Plaintiff's Interrogatories served with the Summons and Complaint.

13. Copies of personnel files for employees identified in Plaintiff's Interrogatory No. six of Plaintiff's Interrogatories served with the Summons and Complaint.

14.     Copies of any and all complaints and/or reports from customers or staff regarding the maintenance, repair work and or assembly of bicycles at DICK'S SPORTING GOODS store located at 181 N. Cattlemen Road, Sarasota, Sarasota County, Florida 34243 within the past three years.

15.     Copies of any and all complaints and/or reports from customers or staff regarding the maintenance, repair work and or assembly of bicycles at DICK'S SPORTING GOODS stores within the past five years.

*** If you intend to claim that any of the requested items are privileged in any way, or, subject to protection as trial preparation material, please comply with F.R.C.P. 1.280(b)(5). ***

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Defendant with the Summons and Complaint.

Gregory S. Hagopian, Esq.
FBN: 980481
GALLAGHER & HAGOPIAN, P.L.
4420 5th Street West
Bradenton, FL 34207
(941) 727-6944
(941) 727-6933 facsimile
gh@hurtbyaccident.com
Attorney for the Plaintiff

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIVIL DIVISION

SHAUNA KRONE, an individual,

      Plaintiff,

vs.                                  CASE NO.:

DICK'S SPORTING GOODS, INC., a foreign corporation,

      Defendant

_____/

## COMPLAINT

Plaintiff SHAUNA KRONE, by and through the undersigned counsel, files this Complaint for Damages against Defendant DICK'S SPORTING GOODS, INC., a foreign corporation and alleges:

1.      This is an action for damages in excess of $30,000.00 exclusive of costs and interest.

2.      The incident which constitutes the subject matter of this action occurred in Manatee County, Florida.

3.      At all times material hereto Plaintiff SHAUNA KRONE was a resident of Manatee County, Florida.

4.      At all times material hereto Plaintiff SHAUNA KRONE was married to Timothy Krone.

5.      At all times material hereto Defendant DICK'S SPORTING GOODS, INC. was a foreign corporation licensed to do business in the State of Florida.

6.      On or about December 22, 2018 Plaintiff's husband Timothy Krone purchased a Schwinn bicycle from Defendant DICK'S SPORTING GOODS, INC., for the use and benefit of his wife Plaintiff SHAUNA KRONE.

7.     On or about December 23, 2018 an employee of Defendant DICK'S SPORTING GOODS, INC. assembled said Schwinn bicycle at its store located at 181 N. Cattlemen Road, Sarasota, Sarasota County, Florida 34243.

8.     Both Plaintiff and her husband assumed Defendant assembled said Schwinn bicycle, appropriately, safely, according to the manufacturer's directions, and that it would be in proper working order.

9.     Plaintiff took possession of said Schwinn bicycle directly from Defendant DICK'S SPORTING GOODS, INC.

10.     Neither Plaintiff nor her husband made any modifications to the Schwinn bicycle since purchasing it and obtaining it from Defendant DICK'S SPORTING GOODS, INC.

11.     On or about December 31, 2018, Plaintiff SHAUNA KRONE operated said Schwinn bicycle on Fort Hamer Road, in Parrish, Manatee County, Florida.

12.     At said time and place, while Plaintiff SHAUNA KRONE was operating said Schwinn bicycle, the back tire of the Schwinn bicycle sold to Plaintiff's husband Timothy Krone, by Defendant DICK'S SPORTING GOODS, INC., assembled by Defendant's employee at DICK'S SPORTING GOODS, INC., suddenly and without warning, exploded due to the negligent assembly of the bicycle and over inflation of the tire by Defendant's employee.

13.     At said time and place, Plaintiff SHAUNA KRONE was suddenly and forcefully thrown from the Schwinn bicycle onto the ground.

## COUNT I
## NEGLIGENT SUPERVISION OF EMPLOYEES BY DICK'S SPORTING GOODS, INC.

14.     Plaintiff re-alleges paragraphs 1-13 above as if fully set forth herein.

15.     Defendant DICK'S SPORTING GOODS, INC., owed a duty to Plaintiff to properly supervise, train, instruct, oversee and manage its employees to ensure that they

adequately performed their duties, including the assembly of bicycles according to the manufacturers' specifications.

16.   Defendant DICK'S SPORTING GOODS, INC., breached this duty by:

a.)  Failing to properly supervise, train, instruct, oversee and/or manage its employees, agents and/or servants, including the employee who negligently assembled the Schwinn bicycle, and overinflated the tire;

b.)  Failing to ensure that its employees followed policies and procedures necessary to assure bicycle assemblies were conducted according to the manufacturers' specifications, in a proper manner, including Schwinn bicycle;

c.)  Failing to have policy in place to ensure bicycles were assembled according to manufacturers' specifications;

d.)  Failing to timely detect employees' improper assembly of bicycles.

17.   As a direct and proximate result of the negligence in the supervision of Defendant DICK'S SPORTING GOODS, INC.'s employees, Plaintiff SHAUNA KRONE suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.   The losses are either permanent or continuing and Plaintiff SHAUNA KRONE will suffer the losses in the future.

**COUNT II**
**VICARIOUS LIABLITY AGAINST DICK'S SPORTING GOODS, INC.**

18.   Plaintiff re-alleges paragraphs 1-13 above as if fully set forth herein.

19.   Defendant DICK'S SPORTING GOODS, INC. owned and/or operated and/or staffed and/or supervised the DICK'S SPORTING GOODS store located at 181 N. Cattlemen Road, Sarasota, Sarasota County, Florida 34243.

20.     At all times material hereto the DICK'S SPORTING GOODS, INC. employee who assembled the Schwinn bicycle was acting within the course and scope of his employment with Defendant DICK'S SPORTING GOODS, INC.

21.     Accordingly, Defendant DICK'S SPORTING GOODS, INC. is vicariously liable for any and all negligent acts or omissions of its employees, including the employee who negligently assembled the Schwinn bicycle and overinflated the back tire, while acting within the course and scope of his employment with Defendant DICK'S SPORTING GOODS, INC.

22.     As a direct and proximate result of the negligence alleged, for which DICK'S SPORTING GOODS, INC. is vicariously liable, SHAUNA KRONE suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff SHAUNA KRONE will suffer the losses in the future.

WHEREFORE, Plaintiff SHAUNA KRONE demands judgment for damages against Defendant DICK'S SPORTING GOODS, INC., a Florida limited liability company, together with the costs of this action and demands trial by jury of any and all issues so triable.

Dated this _24_ day of _September_, 2020.

Gregory S. Hagopian, Esq.
FBN: 980481
GALLAGHER & HAGOPIAN, PL
4420 5th Street West
Bradenton, FL 34207
(941) 727-6944
(941) 727-6933  fax
gh@hurtbyaccident.com
Attorney for the Plaintiff

Case 8:20-cv-02438-MSS-SPF Document 1 Filed 10/19/20 Page 35 of 50 PageID 35

## FORM 1.997.CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the Plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions for completion.)

## I. CASE STYLE

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIVIL DIVISION

SHAUNA KRONE, an individual,

    Plaintiff,

vs.                                     CASE NO.:   2020 CA 003686

DICK'S SPORTING GOODS, INC., a foreign corporation,

    Defendant

## II. TYPE OF CASE  (If the case fits more than one type of case, select the most definitive.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- X Negligence—other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability—commercial
  - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more

- ☐ Homestead residential foreclosure $0 - $50,000
- ☐ Homestead residential foreclosure $50,001 - $249,999
- ☐ Homestead residential foreclosure $250,000 or more
- ☐ Nonhomestead residential foreclosure
  $0 - $50,000
- ☐ Nonhomestead residential foreclosure
  $50,001 - $249,999
- ☐ Nonhomestead residential foreclosure
  $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice—business
  - ☐ Malpractice—medical
  - ☐ Malpractice—other professional
- ☐ Other
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge—statute or ordinance

☐ Constitutional challenge—proposed amendment     ☐ Libel/Slander
☐ Corporate trusts     ☐ Shareholder derivative action
☐ Discrimination—employment or other     ☐ Securities litigation
☐ Insurance claims     ☐ Trade secrets
☐ Intellectual property     ☐ Trust litigation

**III.**    **REMEDIES SOUGHT** (check all that apply):
      x monetary; (more than $100,000.00)
      ☐ nonmonetary declaratory or injunctive relief;
      ☐ punitive

**IV.**    **NUMBER OF CAUSES OF ACTION:** [ 2 ]
      (specify) Negligent supervision and vicarious liability against Dick's Sporting Goods, Inc.

**V.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ yes
      X no

**VI.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      X no
      ☐ yes If "yes," list all related cases by name, case number, and court.

      _____

      _____

      _____

**VII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      X yes
      ☐ no

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATE  9/25/20 _____       SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION

                       */s/ Gregory S. Hagopian* _____
                       GREGORY S. HAGOPIAN, ESQ.
                       FBN: 980481

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

       Plaintiff,                   Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,
a foreign corporation,

       Defendant.

_____/

**DICK'S SPORTING GOODS, INC.'S ANSWER,
<u>AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL</u>**

Defendant, Dick's Sporting Goods, Inc. ("DSG"), by and through the undersigned counsel,

pursuant to Florida Rules of Civil Procedure 1.110 and 1.140, answers Plaintiff's, Shauna Krone,

Complaint in the same numerical sequence as the allegations as follows:

1. Without knowledge; therefore, denied.

2. Without knowledge; therefore, denied.

3. Without knowledge; therefore, denied.

4. Without knowledge; therefore, denied.

5. Admitted.

6. Without knowledge; therefore, denied.

7. Denied.

8. Without knowledge; therefore, denied.

9. Denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

### Count I – Negligent Supervision of Employees by Dick's Sporting Goods, Inc.

14. DSG adopts and re-alleges its responses to paragraphs one through thirteen above as if fully set forth herein.

15. Denied.

16. Denied including all sub-parts.

17. Denied.

### Count II – Vicarious Liability Against Dick's Sporting Goods, Inc.

18. DSG adopts and re-alleges its responses to paragraphs one through thirteen above as if fully set forth herein.

19. Admitted that DSG owned and operated a store located at 181 N. Cattlemen Road, Sarasota, Florida 34243. The remainder of the paragraph is denied.

20. Denied.

21. Denied.

22. Denied.

### Affirmative Defenses

1. As a first affirmative defense, DSG affirmatively alleges that Plaintiff's alleged injuries, if any, were proximately caused by her own negligence or other conduct or the negligence or conduct of others over whom DSG had no control or any right of control and whose negligence or other conduct is, therefore, not imputable to DSG.

2. As a second affirmative defense, DSG affirmatively alleges that any award of damages obtained by Plaintiff must be apportioned pursuant to Florida Statute § 768.81 according to the relative responsibility of all parties or persons for any damages awarded to the Plaintiff.

3. As a third affirmative defense, DSG affirmatively alleges that Plaintiff is barred from collecting the value of all benefits paid or payable from any collateral source pursuant to Florida Statute § 768.76.

4. As a fourth affirmative defense, DSG affirmatively alleges that Plaintiff failed to exercise reasonable care on her own behalf thereby causing her own injury.

5. As a fifth affirmative defense, DSG affirmatively alleges that Plaintiff's alleged injuries, if any, were unreasonably heightened as a result of Plaintiff's failure to mitigate her damages.

6. As a sixth affirmative defense, DSG affirmatively alleges that it did not owe or did not violate any alleged legal duty; therefore, Plaintiff cannot satisfy the prima facie elements of the claim of negligence.

7. As a seventh affirmative defense, DSG affirmatively alleges that Plaintiff's past and future damages should be reduced, or at least calculated, by the amount of governmental or charitable benefits available to all persons.

8. As an eighth affirmative defense, DSG affirmatively alleges that it is entitled to an apportionment of damages in relation to the degree of fault of all parties and/or persons pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). DSG hereby names Select Express & Logistics, c/o Michael Remmick, 55 West 39th Street, New York, New York 10018 as a *Fabre* defendant is this matter.

9. As a ninth affirmative defense, DSG affirmatively alleges that Plaintiff's alleged injuries, if any, if not due to the negligence or other conduct of Plaintiff or others are, alternatively, due to a superseding or supervening cause.

### Demand for Jury Trial

DSG demands a trial by jury on all issues so triable.

FULMER, LEROY & ALBEE, PLLC
Attorneys for the Defendant
5544 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 217-2500
Fax:    (727) 217-2501

By:    */s/ Scott B. Albee*_____
Scott B. Albee, Esq.
FBN:  980870
salbee@fulmerleroy.com
eservicetpa@fulmerleroy.com
Kathryn E. Collier, Esq.
FBN: 1002391
kcollier@fulmerleroy.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document has been furnished to Gregory S. Hagopian, Esq., gh@hurtbyaccident.com, annetteb@hurtbyaccident.com, and chj@hurtbyaccident.com, Gallagher & Hagopian, PL, 4420 5th Street West, Bradenton, Florida 34207 by e-mail on this 19th day of October 2020.

<div style="margin-left: 40%;">

FULMER, LEROY & ALBEE, PLLC
Attorneys for the Defendant
5544 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 217-2500
Fax:    (727) 217-2501

</div>

By:    */s/ Scott B. Albee*_____
       Scott B. Albee, Esq.
       FBN:  980870
       salbee@fulmerleroy.com
       eservicetpa@fulmerleroy.com
       Kathryn E. Collier, Esq.
       FBN: 1002391
       kcollier@fulmerleroy.com

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

     Plaintiff,                   Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,
a foreign corporation,

     Defendant.

_____/

**DEFENDANT DICK'S SPORTING GOODS, INC.'S**
**NOTICE TO THE CLERK OF NOTICE OF REMOVAL TO FEDERAL COURT**

TO THE CLERK OF THE COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT:

     PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and United States District Court for the Middle District of Florida Local Rule 4.02, Defendant, Dick's Sporting Goods, Inc., on the 19th day of October 2020, filed a Notice of Removal in the United States District Court for the Middle District of Florida, Tampa Division, a copy of which is attached hereto and that said matter shall proceed hereafter in the United States District Court for the Middle District of Florida, Tampa Division.

                         FULMER, LEROY & ALBEE, PLLC
                         Attorneys for the Defendant
                         5544 Central Avenue
                         St. Petersburg, FL 33707
                         Phone: (727) 217-2500
                         Fax:    (727) 217-2501

          By:     */s/ Scott B. Albee*_____
                         Scott B. Albee, Esq.
                         FBN: 980870
                         salbee@fulmerleroy.com
                         eservicetpa@fulmerleroy.com
                         Kathryn E. Collier, Esq.
                         FBN: 1002391
                         kcollier@fulmerleroy.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document has been furnished to Gregory S. Hagopian, Esq., gh@hurtbyaccident.com, annetteb@hurtbyaccident.com, and chj@hurtbyaccident.com, Gallagher & Hagopian, PL, 4420 5th Street West, Bradenton, Florida 34207 by e-mail on this 19th day of October 2020.

FULMER, LEROY & ALBEE, PLLC
Attorneys for the Defendant
5544 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 217-2500
Fax:    (727) 217-2501

By:      */s/ Scott B. Albee* _____
         Scott B. Albee, Esq.
         FBN:  980870
         salbee@fulmerleroy.com
         eservicetpa@fulmerleroy.com
         Kathryn E. Collier, Esq.
         FBN: 1002391
         kcollier@fulmerleroy.com

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

      Plaintiff,                       Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,
a foreign corporation,

      Defendant.

_____/

**DEFENDANT DICK'S SPORTING GOODS, INC.'S NOTICE
TO THE PLAINTIFF OF NOTICE OF REMOVAL TO FEDERAL COURT**

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. 1332, 1441, and 1446, a Notice of

Removal of this action was filed in the United States District Court for the Middle District of

Florida, Tampa Division on the 19th day of October 2020. A copy of the aforementioned Notice

of Removal is attached to this Notice and is served and filed herewith.

                              FULMER, LEROY & ALBEE, PLLC
                              Attorneys for the Defendant
                              5544 Central Avenue
                              St. Petersburg, FL 33707
                              Phone: (727) 217-2500
                              Fax:   (727) 217-2501

                By:    */s/ Scott B. Albee*_____
                         Scott B. Albee, Esq.
                         FBN:  980870
                         salbee@fulmerleroy.com
                         eservicetpa@fulmerleroy.com
                         Kathryn E. Collier, Esq.
                         FBN: 1002391
                         kcollier@fulmerleroy.com

## <u>CERTIFICATE OF SERVICE</u>

     I certify that the foregoing document has been furnished to Gregory S. Hagopian, Esq., gh@hurtbyaccident.com, annetteb@hurtbyaccident.com, and chj@hurtbyaccident.com, Gallagher & Hagopian, PL, 4420 5th Street West, Bradenton, Florida 34207 by e-mail on this 19th day of October 2020.

                                    FULMER, LEROY & ALBEE, PLLC
                                    Attorneys for the Defendant
                                    5544 Central Avenue
                                    St. Petersburg, FL 33707
                                    Phone: (727) 217-2500
                                    Fax:    (727) 217-2501

                  By:       <u>*/s/ Scott B. Albee*</u>
                                    Scott B. Albee, Esq.
                                    FBN:  980870
                                    salbee@fulmerleroy.com
                                    eservicetpa@fulmerleroy.com
                                    Kathryn E. Collier, Esq.
                                    FBN: 1002391
                                    kcollier@fulmerleroy.com

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHAUNA KRONE, an individual,

      Plaintiff,                          Case No.: 2020-CA-3686

v.

DICK'S SPORTING GOODS, INC.,
a foreign corporation,

      Defendant.

_____/

## DICK'S SPORTING GOODS, INC.'S ANSWER,
## AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant, Dick's Sporting Goods, Inc. ("DSG"), by and through the undersigned counsel,

pursuant to Florida Rules of Civil Procedure 1.110 and 1.140, answers Plaintiff's, Shauna Krone,

Complaint in the same numerical sequence as the allegations as follows:

1. Without knowledge; therefore, denied.

2. Without knowledge; therefore, denied.

3. Without knowledge; therefore, denied.

4. Without knowledge; therefore, denied.

5. Admitted.

6. Without knowledge; therefore, denied.

7. Denied.

8. Without knowledge; therefore, denied.

9. Denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

### Count I – Negligent Supervision of Employees by Dick's Sporting Goods, Inc.

14. DSG adopts and re-alleges its responses to paragraphs one through thirteen above as if fully set forth herein.

15. Denied.

16. Denied including all sub-parts.

17. Denied.

### Count II – Vicarious Liability Against Dick's Sporting Goods, Inc.

18. DSG adopts and re-alleges its responses to paragraphs one through thirteen above as if fully set forth herein.

19. Admitted that DSG owned and operated a store located at 181 N. Cattlemen Road, Sarasota, Florida 34243. The remainder of the paragraph is denied.

20. Denied.

21. Denied.

22. Denied.

### Affirmative Defenses

1. As a first affirmative defense, DSG affirmatively alleges that Plaintiff's alleged injuries, if any, were proximately caused by her own negligence or other conduct or the negligence or conduct of others over whom DSG had no control or any right of control and whose negligence or other conduct is, therefore, not imputable to DSG.

2. As a second affirmative defense, DSG affirmatively alleges that any award of damages obtained by Plaintiff must be apportioned pursuant to Florida Statute § 768.81 according to the relative responsibility of all parties or persons for any damages awarded to the Plaintiff.

3. As a third affirmative defense, DSG affirmatively alleges that Plaintiff is barred from collecting the value of all benefits paid or payable from any collateral source pursuant to Florida Statute § 768.76.

4. As a fourth affirmative defense, DSG affirmatively alleges that Plaintiff failed to exercise reasonable care on her own behalf thereby causing her own injury.

5. As a fifth affirmative defense, DSG affirmatively alleges that Plaintiff's alleged injuries, if any, were unreasonably heightened as a result of Plaintiff's failure to mitigate her damages.

6. As a sixth affirmative defense, DSG affirmatively alleges that it did not owe or did not violate any alleged legal duty; therefore, Plaintiff cannot satisfy the prima facie elements of the claim of negligence.

7. As a seventh affirmative defense, DSG affirmatively alleges that Plaintiff's past and future damages should be reduced, or at least calculated, by the amount of governmental or charitable benefits available to all persons.

8. As an eighth affirmative defense, DSG affirmatively alleges that it is entitled to an apportionment of damages in relation to the degree of fault of all parties and/or persons pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). DSG hereby names Select Express & Logistics, c/o Michael Remmick, 55 West 39th Street, New York, New York 10018 as a *Fabre* defendant is this matter.

9. As a ninth affirmative defense, DSG affirmatively alleges that Plaintiff's alleged injuries,

if any, if not due to the negligence or other conduct of Plaintiff or others are, alternatively,

due to a superseding or supervening cause.

### *Demand for Jury Trial*

DSG demands a trial by jury on all issues so triable.

FULMER, LEROY & ALBEE, PLLC
Attorneys for the Defendant
5544 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 217-2500
Fax:    (727) 217-2501

By:     */s/ Scott B. Albee*_____
Scott B. Albee, Esq.
FBN:  980870
salbee@fulmerleroy.com
eservicetpa@fulmerleroy.com
Kathryn E. Collier, Esq.
FBN: 1002391
kcollier@fulmerleroy.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document has been furnished to Gregory S. Hagopian, Esq., gh@hurtbyaccident.com, annetteb@hurtbyaccident.com, and chj@hurtbyaccident.com, Gallagher & Hagopian, PL, 4420 5th Street West, Bradenton, Florida 34207 by e-mail on this 19th day of October 2020.

FULMER, LEROY & ALBEE, PLLC
Attorneys for the Defendant
5544 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 217-2500
Fax:    (727) 217-2501

By:    */s/ Scott B. Albee*      
Scott B. Albee, Esq.
FBN:  980870
salbee@fulmerleroy.com
eservicetpa@fulmerleroy.com
Kathryn E. Collier, Esq.
FBN: 1002391
kcollier@fulmerleroy.com