# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SHAUNA KRONE and TIMOTHY KRONE,

      Plaintiffs,

v.                               Case No: 8:20-cv-2438-KKM-SPF

DICK'S SPORTING GOODS, INC. and
SELECT EXPRESS & LOGISTICS,
LLC,

      Defendants.

_____

## ORDER

This products liability action grew out of a bicycle accident. Timothy Krone purchased a bicycle for his wife, Shauna, from Dick's Sporting Goods, Inc. Select Express & Logistics, LLC, contracted with Dick's to assemble the bicycle that Dick's then sold to the Krones. On Shauna's first extended ride, the rear wheel inner tube ruptured while she was riding along a sidewalk. Shauna fell, suffering multiple injuries.

The Krones sued Dick's in state court for negligent supervision and vicarious liability. Dick's removed the action to federal court. The Krones filed an Amended Complaint, alleging five counts against both Dick's and Select Express (Defendants), including two products liability counts, two negligence counts, and one vicarious liability

count against Select Express. Dick's and Select Express each answered and raised the same affirmative defenses. Defendants moved to withdraw three affirmative defenses, which the Court granted. (Doc. 49; Doc. 53.) The Krones move for partial summary judgment on six of Defendants' remaining affirmative defenses. (Doc. 50.) Defendants oppose the motion. (Doc. 55.)

To win at summary judgment, the Krones cannot simply assert that there is no evidence to support Defendants' affirmative defenses. *See United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991) (en banc). They need to cite to "particular parts of materials in the record" to support their assertion. Fed. R. Civ. P. 56(c). Because the Krones fail to point the Court to specific materials in the record demonstrating the absence of a genuine dispute of material fact as to affirmative defenses nine and ten, they are not entitled to summary judgment on those defenses. Additionally, upon reviewing the Defendants' citations to record evidence, the Court further concludes that there are disputes of material fact that preclude summary judgment on all six of the challenged affirmative defenses.

## I.   BACKGROUND[1]

On the morning of December 22, 2018, Plaintiff Timothy Krone purchased a Schwinn hybrid bicycle from Defendant Dick's Sporting Goods, Inc., for his wife Shauna

---

[1] The Court recounts the undisputed and disputed facts as contained in the record. To the extent facts are disputed or capable of multiple inferences, the Court notes the disputes and construes the record in favor

as a Christmas present. (Doc. 51 at 1; Doc. 17 ¶ 13; Doc. 23 ¶ 13; Doc. 51-1 at 1; Doc. 51-3 at 14.) Dick's contracted with Defendant Select Express & Logistics, LLC, to assemble the bicycle that the Krones purchased. (Doc. 51 at 1; Doc. 17 ¶ 14–15; Doc. 23 ¶ 14–15.) Timothy Krone gave the bicycle to Shauna for Christmas, and she rode it around their driveway in her pajamas on Christmas morning without incident. (Doc. 51-2 at 50.)

Shauna did not ride the bicycle again until December 31, 2018. (*Id.* at 47–51.) That day around 11:00 a.m., the Krones went out for a bicycle ride. (Doc. 51-2 at 47–48.) About two or three miles into the ride, while Shauna was riding behind Timothy on the sidewalk, Shauna's rear wheel inner tube exploded causing her to lose control. (*Id.* at 47–48, 51; Doc. 51-1 at 3–4, 5; Doc. 51-3 at 15–16.) Shauna fell from the bicycle and sustained various injuries, including a fractured right elbow, bruises on her hands, chin, and pelvic bone, and wrist injuries. (Doc. 51-2 at 52–55.) Following an MRI, Shauna's doctors discovered a tear in her wrist ligaments and referred her to a hand surgeon in Indiana, Dr. Kleinman, who performed multiple operations on Shauna's wrists. (*Id.* at 56–57.) Shauna's sister works for Dr. Kleinman. (*Id.* at 57)

Medi-Share, a Christian Care Ministry medical bill sharing program, paid for Shauna Krone's medical treatment. (Doc. 51 at 3; Doc. 51-2 at 58; Doc. 51-7 at 1.) Medi-Share's guidelines indicate that the organization has a right of subrogation and a right of

---

of the non-movants, Dick's and Select Express. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020).

reimbursement where "specific medical expenses" are paid "through Medi-Share." (Doc. 51-7 at 3.)

It is undisputed that riding a bicycle on a sidewalk is a normal and foreseeable operation of a bicycle. (Doc. 51 at 2; Doc. 55 at 16.) And it is undisputed that a consumer should have no expectation that using a bicycle in a normal and foreseeable manner would lead to a tube rupture. (Doc. 55 at 16.)

The Krones retained a bicycle expert, J. Lucas Elrath, who completed his investigative report on the accident on September 16, 2021. (Doc. 51-1 at 1–2.) The stated purpose of Elrath's investigation was "to determine whether the actions of [Defendants] were improper in a manner that caused the fall." (*Id.* at 2.) Elrath concluded the Krones' "actions were not [the] cause of the fall." (Doc. 51-1 at 18.) Defendants dispute this conclusion and point to testimony from the Krones that they did not inspect the bicycle's tires before the New Year's Eve ride and testimony from Timothy Krone that the fall occurred near a "jog in the sidewalk." (Doc. 55 at 2–5; 51-3 at 17, 26.) Elrath concluded that the rear tire and inner tube tire of the bicycle were "improperly installed," which "was the cause of [Shauna's] fall." (Doc. 51-1 at 18.) He further concluded that Select Express's and Dick's "assembly and inspection of the subject bicycle was improper in a manner that caused Krone's fall." (*Id.*)

The Krones each testified that the bicycle was not modified in any way from the time it was purchased up to the time of the incident. (Doc. 51-2 at 50; Doc. 51-3 at 12–14.) Defendants dispute this fact and point to testimony from Timothy Krone that he did not recall whether he secured the bike to his trailer when he brought it home from Dick's and testimony from the Krones that Shauna rode the bike for two to three miles prior to the accident without incident. (Doc. 55 at 6–8; Doc. 51-2 at 47, 50–51; Doc. 51-3 at 11, 15–16.)

At the time that Timothy Krone purchased the bicycle, Steven Barnett was the store manager at Dick's. (Doc. 51-4 at 7–8.) Barnett testified that when a bicycle was sold in December 2018, he did not personally check to ensure that the tire "tubes were appropriately seated . . . prior to turning the bikes over to the customers" and there were not "policies or procedures in place" to ensure that someone checked to ensure tires were appropriately seated. (*Id.* at 56.) Defendants dispute that the bicycle was not inspected and point to testimony from Joseph Urbino, the Select Express employee who assembled the bicycle, who testified that his custom and practice was to make sure tires were seated properly before filing them with air on every bike he assembled. (Doc. 55-1 at 8, 11.) Defendants also point to testimony from Timothy Krone where he stated that he observed Barnett perform what "looked like a safety check," "air[] up the tires," and otherwise make the bicycle safe for delivery. (Doc. 51-3 at 8–9; Doc. 55 at 9–15.)

The Krones sued Dick's in state court for negligent supervision and vicarious liability. (Doc. 1-1.) Dick's removed the action to federal court under 28 U.S.C. § 1332. (Doc. 1.) The Krones filed an Amended Complaint (the operative complaint), alleging five counts against both Dick's and Select Express (Defendants), including two products liability counts, two negligence counts, and one vicarious liability count against Select Express (Doc. 17.) Dick's and Select Express answered separately but raised the same affirmative defenses. (Doc. 23; Doc. 38.) After the close of discovery, Defendants jointly withdrew three of their affirmative defenses (defenses number three, seven, and thirteen). (Doc. 49.) The Court granted their motion to withdraw. (Doc. 53.) The Krones now move for partial summary judgment on six of Defendants' remaining affirmative defenses (defenses number two, four, five, six, nine, and ten). (Doc. 50.) Defendants oppose the motion. (Doc. 55.)

## II.   LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuinely disputed if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is material if it might affect the outcome of the suit under governing law. *Id.*

The movant always bears the initial burden of informing the Court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In deciding whether the moving party has met its initial burden, the Court reviews all the record evidence and draws all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020); *see also Four Parcels*, 941 F.2d at 1437–38 (noting that to prevail the moving party must do one of two things: (1) show that the nonmoving party has no evidence to support its case, or (2) present "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial").

When that burden is met, the burden shifts to the nonmovant to demonstrate that there is a genuine issue of material fact that precludes summary judgment. *Clark*, 929 F.2d 607–08. The nonmoving party must "go beyond the pleadings" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A moving party is entitled to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

"Partial summary judgment may properly be granted on affirmative defenses." *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1218 (M.D. Fla. 2007)

(Whittemore, J.) (citing *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996) (Kovachevich, C.J.)).

## III.   ANALYSIS

The Krones ask this Court to grant summary judgment on six of Defendants' affirmative defenses: (1) lack of defect (affirmative defense two); (2) comparative negligence (affirmative defense four); (3) apportionment of fault (affirmative defense five); (4) collateral sources (affirmative defense six); (5) pre-existing conditions (affirmative defense nine); and (6) failure to mitigate damages (affirmative defense ten). (Doc. 50.) The Krones argue they are entitled to summary judgment on these defenses because there is no record evidence to support the defenses and the defenses are not applicable to the facts of this case. (*Id.*)

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999); *see Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 774 (11th Cir. 1999) (noting that "by definition" an affirmative defense is "raised for the purpose of avoiding claims made by another party"). In other words, a defense that "points out a defect in the plaintiff's prima facie case is *not* an affirmative defense"—even if the defendant labels it as one. *Flav-O-Rich, Inc. v.*

8

*Rawson Food Servs., Inc.* (*In re Rawson Food Serv., Inc.*), 846 F.2d 1343, 1349 (11th Cir. 1988) (emphasis added).

### A. The Krones Fail to Point to Record Evidence Establishing an Absence of a Factual Dispute on Affirmative Defenses Nine and Ten

A party asserting that a fact cannot be genuinely disputed must support that assertion by "citing to *particular parts of materials in the record* . . . showing that the materials cited . . . establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1) (emphasis added); *cf. Celotex*, 477 U.S. at 328 (White, J., concurring) ("It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."). "It is never enough simply to state that the non-moving party cannot meet its burden at trial. Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial." *Four Parcels*, 941 F.2d at 1438 n.19 (internal citations omitted); *see Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-cv-596, 2020 WL 6701604, at *2 (M.D. Fla. Nov. 13, 2020) (Barber, J.) ("The Eleventh Circuit has held that a moving party must point to specific portions of the record to demonstrate that the nonmoving party cannot meet its burden at trial." (quoting *Eli Rsch., LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2015 WL 5934632, at *3 (M.D. Fla. Oct. 6, 2015) (Chappell, J.))). This requirement equally applies to a plaintiff seeking summary

9

judgment on an affirmative defense—he must do more than simply assert that there is no evidence to support those defenses. *See Hannah*, 2020 WL 6701604, at *2; *Eli Rsch.*, 2015 WL 5934632, at *3.

In their motion for partial summary judgment, the Krones repeatedly assert that there is no evidence to support the Defendants' ninth and tenth affirmative defenses without pointing to specific record evidence to support that assertion. (Doc. 50 at 4–7.) But to prevail at summary judgment, the assertion that there is no evidence to support an affirmative defense is "never enough." *Four Parcels*, 941 F.2d at 1438 n.19. The Krones need to "cit[e] to particular parts of materials in the record" to demonstrate an absence of material fact to meet their initial burden as the movants. Fed. R. Civ. P. 56(c)(1); *see Clark*, 929 F.2d at 608.

The Court concludes that the Krones are not entitled to summary judgment on the ninth and tenth affirmative defenses because they did not meet their initial burden as the movants. In addition, the Court concludes below that there are genuine disputes of material fact as to all six affirmative defenses that precludes summary judgment on each of them.

## B.  Affirmative Defense Two: Lack of Defect

Defendants' second affirmative defense is that the "bicycle and the tire were not defective." (Doc. 23 at 5; Doc. 38 at 6.) The Krones argue that the Court should grant summary judgment on Defendants' second affirmative defense because Defendants cannot

present any relevant evidence to support this affirmative defense. (Doc. 50 at 4.) They point to little in the record to demonstrate an absence of evidence. Nor do they attempt to strike the affirmative defense as a disguised attack on their prima facie case and therefore not a proper affirmative defense. Defendants respond that, based on the evidence recounted in their response, a jury could conclude that Shauna Krone caused the tire's tube rupture when she hit the jog in the concrete sidewalk or ran over something. (Doc. 55 at 18.) The Court agrees with Defendants.

The Krones argue that they are entitled to a legal inference of product defectiveness because the bicycle malfunctioned during normal operation. (Doc. 50 at 4.) Under Florida law, "when a product malfunctions during normal operation, a legal inference" of product defectiveness arises. *Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1148 (Fla. 1st DCA 1981); *see also United Fire and Cas. Co. v. Whirlpool Corp.*, 704 F.3d 1338, 1343 (11th Cir. 2013) (per curiam) (applying the *Cassisi* inference). In *Cassisi*, the Florida appeals court concluded that the lower court had wrongly granted summary judgment to a manufacturer because, when the inference was properly applied, there was a dispute of fact as to the product's defective condition. *See Cassisi*, 396 So. 2d at 1151–53. The consequence of applying the inference at the summary judgment stage "is that it shifts the burden of producing evidence" to the defendants. *Id.* at 1151 ("[T]he practical result of the inference is that if the manufacturer wishes to avoid a jury's consideration of the issues, it must offer

evidence showing there are no genuine issues of material fact to be resolved by the jury rather than suggest possible reasons for the product's malfunction."). Assuming the *Cassisi* inference applies here, it does not help the Krones argument that they are entitled to summary judgment on Defendants' second affirmative defense. Unlike in *Cassisi*, the Krones—not Defendants—are seeking summary judgment. The *Cassisi* inference does not establish that there is no dispute of material fact as to a product's defectiveness. Rather, it merely "establishes a prima facie case" of product defectiveness "for jury consideration." *Id.* at 1148.

And Defendants point the Court to evidence from which a jury could conclude that the bicycle was not defective, particularly when all inferences are drawn in Defendants' favor. First, Joseph Urbino, the Select Express employee who assembled the Krone's bicycle, testified that it was his "custom and practice to check whether tires were seated properly on every new bicycle assembly that [he] did." (Doc. 55-1 at 11.) And Timothy Krone testified that he observed Steven Barnett, the Dick's manager, air up the tires and perform a "safety check" on the bicycle to ensure that it was "safe for delivery." (Doc. 51-3 at 8–10.) Timothy Krone further testified that he did not remember whether he secured the bicycle to his trailer when he brought it home from Dick's. (*Id.* at 11–12.) Drawing all inferences in Defendants' favor, a jury could conclude from this evidence that the tire was properly seated and assembled when it was sold and then something happened to the

bicycle's rear tire when Timothy Krone transported it home after it left Defendants'
possession.

Timothy Krone also testified that the incident occurred near where there was a "jog
in the sidewalk." (*Id.* at 17.) Both Timothy and Shauna Krone testified that they did not
check the tire pressure before the ride on the morning of December 31, 2018. (Doc. 51-2
at 82; Doc. 51-3 at 26.) It is undisputed that Shauna Krone rode the bicycle in the Krones'
driveway on Christmas morning and for two or three miles on New Year's Eve before the
incident occurred with no issues. (Doc. 51-2 at 50–51; Doc. 51-3 at 15–16.) Drawing all
inferences in Defendants' favor, a jury could conclude based on this evidence that the tube
rupture on Shauna Krone's bicycle occurred when she hit the jog in the concrete sidewalk
or that the rupture occurred when Shauna Krone ran over an object either in her driveway
on Christmas morning or during the first two-to-three miles of the ride that later led to
the ruptured tube.

Thus, the Krones are not entitled to summary judgment on Defendants' second
affirmative defense because disputes of material fact exist.

### C. Affirmative Defense Four: Comparative Negligence

Defendants' fourth affirmative defense—comparative negligence—states that
Shauna Krone's injuries "were caused by [her] negligence, or the negligence of others not
under [Defendants'] control." (Doc. 23 at 5; Doc. 38 at 6.) The Krones argue that neither

of their actions caused the fall and that Defendants cannot point to "a single fact" to support the affirmative defense. (Doc. 50 at 4–5.)

Florida has adopted a pure comparative negligence rule. *Hoffman v. Jones*, 280 So. 2d 431, 438 (Fla. 1973); *see* § 768.81(2), Fla. Stat. ("In a negligence action, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery."). Under this rule, "[i]f it appears from the evidence that both plaintiff and defendant were guilty of negligence which was, in some degree, a legal cause of the injury to the plaintiff, this does not defeat the plaintiff's recovery entirely." *Hoffman*, 280 So. 2d at 438. Rather, the "jury should apportion the negligence of the plaintiff and the negligence of the defendant; then, in reaching the amount due the plaintiff, the jury should give the plaintiff only such an amount proportioned with his negligence and the negligence of the defendant." *Id.* When issues of fact exist as to the negligence of one party, the comparative negligence inquiry precludes entry of judgment as a matter of law. *See, e.g., Fenster v. Publix Supermarkets, Inc.*, 785 So. 2d 737, 739–40 (Fla. 4th DCA 2001); *Fries v. Fla. Power & Light Co.*, 402 So. 2d 1229, 1230 (Fla. 5th DCA 1981).

The same evidence recounted above that creates a dispute of material fact as to Defendants' second affirmative defense also creates a dispute of material fact as to the

comparative negligence defense. Drawing all inferences in Defendants' favor, a jury could conclude from the above evidence that Shauna Krone negligently ran over a jog in the sidewalk or ran over something during the New Year's Eve ride prior to the incident that caused a sudden drop in tire pressure. Or that the bike was not in the same condition due to the Krones' transportation from Dick's to their home.

Because factual disputes remain as to whether and to what extent the Krones negligence contributed to the accident and the extent of Shauna's injuries, the Krones are not entitled to summary judgment on the fourth affirmative defense.

### D. Affirmative Defense Five: Apportionment of Fault

Defendants' fifth affirmative defense is apportionment of fault: "[a]ny award of damages to [the Krones] must be apportioned in proportion to all parties' and non-parties' percentage of liability/fault in accordance with Section 768.81, Fla. Stat., and the *Fabre* line of cases." (Doc. 38 at 6; Doc. 23 at 5.) The Krones argue they are entitled to summary judgment because, under *Fabre*, a defendant who alleges the negligence of a third party must plead the negligence of the nonparty as an affirmative defense and specifically identify that nonparty. (Doc. 50 at 5.) And Defendants "have not specifically named any nonparty who they believe . . . bear[s] any responsibility for" Shauna Krone's injuries. (*Id.*) So, the Krones conclude, they are entitled to summary judgment on this affirmative defense. (*Id.* at 5–6.) They are not.

The Krones are correct that Defendants have failed to meet the pleading requirements of § 768.81 as to nonparties. The statute states that "[i]n order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty" and specifically identify the nonparty in a "motion or in the initial responsive pleading when defenses are first presented." § 768.81(3)(a), Fla. Stat.; *see Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262, 1264 (Fla. 1996); *accord Millette v. Tarnove*, 435 F. App'x 848, 852 (11th Cir. 2011) (per curiam) (explaining that it is not enough for defendants to allege "in conclusory fashion that various nonparties" are responsible without "showing why a particular nonparty should be apportioned fault"). Here, Defendants failed to specifically identify in its answer and affirmative defenses any nonparties that should be apportioned fault in their answers. (Doc. 23 at 5; Doc. 38 at 6.) And Defendants point the Court to no case law to support their contention that this pleading failure is overcome because the Krones supposedly "put the manufacturer's fault at issue." (Doc. 55 at 19.)

But the insufficiency of Defendants' apportionment of fault defense as to non-parties does not preclude the apportionment of fault as between "all *parties*" in the case. (Doc. 23 at 5; Doc. 38 at 6 (emphasis added).) Nor does it preclude Defendants from amending their affirmative defenses before trial to specify the non-party if they file a motion establishing good cause to do so. *See* § 768.81(3)(a), Fla. Stat. Because Defendants pleaded apportionment of fault in conjunction with the Krones' own comparative

negligence as discussed above, Defendants are entitled to have the jury apportion fault between the Krones and Defendants to the extent Defendants are successful on their comparative negligence defense. *See Pearce v. Deschesne*, 932 So. 2d 640, 642 (Fla. 4th DCA 2006) ("When apportionment of fault between the plaintiff and a defendant under comparative negligence is a contested issue, it is the trier of fact that must do the apportioning.").

Thus, the Court denies summary judgment to the Krones on Defendants' fifth affirmative defense.

### E. Affirmative Defense Six: Collateral Sources

Defendants' sixth affirmative defense is that the Krones "are barred from recovering/collecting the value of benefits paid, or payable, from collateral sources." (Doc. 23 at 5; Doc. 38 at 6.) The Krones argue that Medi-Share, the entity that paid for Shauna Krone's medical treatment related to the injuries sustained in this matter, has a right of reimbursement and therefore is not a collateral source. (Doc. 50 at 6 (citing § 768.76, Fla. Stat. ("[T]here shall be no reduction for collateral sources for which a subrogation or reimbursement right exists.").) Defendants counter that the evidence the Krones use to establish that Medi-Share has a right to reimbursement is inadmissible and that "until [the Krones] prove, by admissible evidence, that Medi-Share is exercising a right of reimbursement, Defendants are entitled to this affirmative defense." (Doc. 55 at 19.)

17

"[T]he Federal Rules eliminated [the requirement to submit an affidavit along with summary judgment evidence] ten years ago." *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1313 (11th Cir. 2020) (Sutton, J.) (citing Fed. R. Civ. P. 56(c); Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment; Charles Alan Wright et al. 10A *Federal Practice and Procedure* § 2722 at 396–401 (4th ed. 2016)). In place of the pre-2010 authentication requirement, Rule 56 now states that a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Krones are correct on the law—there is no longer a summary-judgment-authentication requirement in Rule 56. Nevertheless, their burden as the movants remains: they must "point to specific portions of the record to demonstrate that the nonmoving party cannot meet its burden at trial." *Eli Rsch.*, 2015 WL 5934632, at *3. The Krones are not entitled to summary judgment on Defendants' sixth affirmative defense at this time because they fail to point the Court to any admissible evidence to demonstrate Medi-Share's right to reimbursement. *But see, e.g., Glasser*, 948 F.3d at 1313 (where plaintiff "met her authentication burden" by pointing the Court to testimony evidence that could be used to authenticate the disputed summary judgment evidence at trial under Rule 901); *In re Intern. Mgmt. Assocs., LLC*, 781 F.3d 1262, 1267 (11th Cir. 2015) (calling the Rule 901 authentication burden "a light one" and noting that the burden can be met "with circumstantial evidence of the authenticity of the underlying

18

documents through the *testimony* of a witness knowledgeable about them" (emphasis added)).

Because the Krones fail to establish through admissible evidence that Medi-Share has a right of reimbursement and thus does not constitute a collateral source, the Krones are not entitled to summary judgment on the defense at this time.

### F.  Affirmative Defense Nine: Pre-Existing Conditions

Defendants' ninth affirmative defense is titled "Pre-Existing Conditions" and states: "Any disability, disfigurement or injury claims alleged by Plaintiff Shauna Krone are the result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of [Defendants]." (Doc. 23 at 6; Doc. 38 at 7.) The Krones devote one, conclusory sentence to this affirmative defense in their motion: "Defendants cannot present any relevant, competent evidence to support this affirmative defense." (Doc. 50 at 6.)

As discussed above, the mere statement that Defendants cannot present evidence to support their affirmative defense is "never enough" for summary judgment. *Four Parcels*, 941 F.2d at 1438 n.19. And even if the Krones had met their initial burden to point the Court to record evidence establishing the absence of a dispute of material fact, Defendants point to evidence that precludes summary judgment on the defense. First, Shauna Krone testified that she suffered from tennis elbow before the incident, which a jury could

conclude is the source of the pain and suffering in her right elbow, rather than the fall from her bicycle. (Doc. 51-2 at 40–41.) Further, Shauna Krone testified that she injured her ACL after the bicycle accident. (Doc. 51-2 at 29–30.)A jury could conclude the subsequent injury caused at least some of the pain and suffering the Krones allege the bicycle accident caused.

Thus, in the alternative, the Krones are not entitled to summary judgment on Defendants' ninth affirmative defense.

### G. Affirmative Defense Ten: Failure to Mitigate Damages

Defendants' tenth affirmative defense states that the Krones "have failed to mitigate damages." (Doc. 23 at 6; Doc. 38 at 10.) The Krones' argument on this defense also consists of one sentence, asserting that "Defendants cannot present any relevant, competent evidence to support this affirmative defense, including any of its subparts." (Doc. 50 at 7.)

Again, simply stating that Defendants cannot present evidence to support their affirmative defense is "never enough" for summary judgment. *Four Parcels*, 941 F.2d at 1438 n.19. And even if the Krones had met their burden, Defendants point the Court to evidence that establishes a dispute of fact on the failure-to-mitigate defense. Shauna Krone stated in her deposition that she had hand surgery in Indiana (where her mother and sister live) without consulting any hand surgeons in her home state of Florida or calling her health insurance company to see if Florida surgeons were available. (Doc. 51-2 at 71–72.)

A jury could infer from this testimony that Shauna Krone failed to mitigate her damages by having surgery so far from home and incurring unnecessary travel expenses.

Therefore, in the alternative, the Krones are not entitled to summary judgment on this defense.

## IV.   CONCLUSION

The Court concludes that the Krones are not entitled to summary judgment on Defendants' ninth and tenth affirmative defenses because the Krones failed to carry their initial burden of pointing the Court to particular parts of the record that show there is no dispute of material fact on those defenses. The Court further concludes that disputes of fact exist as to each of the six affirmative defenses, precluding summary judgment.

Accordingly, Plaintiffs' Motion for Partial Summary Judgment (Doc. 50) is **DENIED**.

**ORDERED** in Tampa, Florida, on February 17, 2022.

Kathryn Kimball Mizelle
United States District Judge