UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAUNA KRONE and
TIMOTHY KRONE,

    Plaintiffs,

v.                                            Case No: 8:20-cv-2438-KKM-SPF

DICK'S SPORTING GOODS, INC.,
and SELECT EXPRESS & LOGISTICS,
LLC,

    Defendants.
_____

## ORDER

A month after the Court denied the motion for partial summary judgment by Plaintiffs Shauna and Timothy Krone, (Doc. 57), and a few weeks before the final pretrial conference, Defendants Dick's Sporting Goods, Inc., and Select Express & Logistics, LLC, moved to amend their fifth affirmative defense of apportionment of fault to name—for the first time in any pleading—Pacific Cycle, Inc., as the manufacturer of the bicycle at issue, (Doc. 60). They also moved for leave to file a third-party complaint against three entities (including Pacific Cycle) that Defendants believe to be responsible in some manner for the manufacture and assembly of the bicycle tire at the center of this lawsuit. (Doc. 63.)

A brief overview of the action's history frames the Defendants' belated request. On December 23, 2020, the Krones filed the Amended Complaint in this action, alleging five counts of strict liability, negligence, and vicarious liability against Defendants all related to a bicycle accident that occurred in December 2018. (Doc. 17.) Specifically, the Amended Complaint alleges that the bicycle purchased from Dick's failed to operate as safely as an ordinary consumer would expect; that it was unsafe, unreasonably dangerous, and defective; and that it was not assembled or sold in accordance with the manufacturer's specifications. (*Id.* ¶¶ 25, 42.) Further, the Amended Complaint alleges that Defendants failed to inspect the bicycle to ensure it was free from defects; failed to ensure that the tire would not explode; failed to ensure that it would operate as safely as a reasonable consumer would expect; failed to comply with the manufacturer's specifications; and failed to use reasonable care. (*Id.* ¶¶ 35, 51.)

Per the scheduling order, Plaintiffs disclosed their liability expert, Luke Elrath, to Defendants on September 17, 2021. (Doc. 64 at 5; Doc. 51-1 at 18.) From Mr. Elrath's report, and a subsequent deposition, Defendants claim they first became aware that Plaintiffs were alleging a manufacturing defect (an improperly seated inner tube within the rear tire) as the underlying cause of the accident. (Doc. 60 at 4; Doc. 63 at 3.) Now, six months later and a full month after the Court issued its summary judgment ruling ahead of the then-schedule May 2022 trial, Defendants seek both to amend their pleadings and

2

to file a third-party complaint against three entities the Defendants contend are associated with the manufacture of the bicycle tire.

The Court denies both Defendants' requests for failure to show good cause. *See* Fed. R. Civ. P. 16(b)(4) (a schedule may be modified only for good cause and with the judge's consent). Defendants have not acted with diligence here. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1417–18 (11th Cir. 1998) ("Th[e Rule 16] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (quotation omitted)). Defendants are seeking to essentially restart this case a month *after* the Court ruled on the summary judgment motion and only six weeks before trial was scheduled to commence. (*See* Doc. 59 at 3 (seeking a reset of all case deadlines if the motion to amend and motion for leave to file a third-party complaint are granted).) Indeed, it appears Defendants failed to consider amending their affirmative defense of apportionment as to non-parties until the Court ruled in the summary judgment order that they might be able to do so if they could establish "good cause." (Doc. 57 at 16.) But, based on Defendants' representations in their motion and at the status conference where the Court heard argument on the pending motions, the information supporting Defendants' requests was available to them at least six months earlier (if not when Plaintiffs filed the Amended Complaint in December 2020), yet they failed to act diligently on that information. (Doc. 60 at 5; Doc. 63 at 3–4.)

3

And, contrary to Defendants' claims, the allegations in the Amended Complaint are not limited to one narrow theory of liability (i.e., over-inflated tire). Instead, the Amended Complaint simply alleges that the bicycle was defective and failed to operate in a safe manner. These allegations arguably should have put Defendants on notice before the scheduling order's amendment deadline of the possibility of a manufacturing defect—which is not uncommon under allegations like these. *See, e.g.*, *Scheman-Gonzalez v. Saber Mfg. Co.*, 816 So. 2d 1133, 1141 (Fla. 4th DCA 2002) (manufacturer of wheel rim potentially liable under component part doctrine if rim itself was defective); *see also* Restatement (Third) of Torts: Products Liability § 1 ("Although liability in most cases is ultimately passed on to the manufacturer who is responsible for creating the product defect, nonmanufacturing sellers or distributors must devote resources to protect their interests.").

The Defendants' lack of diligence in seeking leave to amend their affirmative defense of apportionment as to non-parties and to file a third-party complaint is fatal under the Rule 16 good cause inquiry. *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (Antoon, J.) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry."). That is particularly so in cases like those at hand, where the lack of diligence will cause significant prejudice to the other party through prolonged delay. To allow amendment at this juncture would assuredly lengthen this action at least another year, as it would require service of foreign defendants, new

expert reports, corporate representative depositions, and another round of dispositive motions. Therefore, the Court concludes that Defendants are not entitled to a full-scale new scheduling order. Instead, the only additional discovery that the Court will permit must relate to damages associated with Shauna Krone's wrist injury and her recent January 2022 procedure.

Accordingly, the following is **ORDERED:**

1. Defendants' Motion to Amend (Doc. 60) is **DENIED**.

2. Defendants' Motion for Leave to File a Third-Party Complaint (Doc. 63) is **DENIED**.

3. The Court directs the parties to file joint proposed deadlines related to discovery issues arising from Plaintiff Krone's recent procedure and trial-related deadlines, including a proposed trial month, no later than **April 15, 2022**.

**ORDERED** in Tampa, Florida, on April 7, 2022.

Kathryn Kimball Mizelle
United States District Judge